## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| ARNOLDO ESTRADA MONTESFLORES,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; CREDIT ONE BANK, N.A.,<br><br>Defendants. | Civil Action No. 1:23-cv-1030 |

## COMPLAINT

Plaintiff Arnoldo Estrada Montesflores, by counsel, files this Complaint against Defendants Experian Information Solutions, Inc.; Trans Union, LLC; and Credit One Bank, N.A. (collectively, "Defendants"). In support of his claims, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages; costs; and attorneys' fees brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x.

2. Plaintiff is the victim of identity theft, which "has emerged" as "one of the fastest growing white-collar crimes in the United States." *Sloane v. Trans Union Info. Services, LLC*, 510 F.3d 495, 505 (4th Cir. 2007). Surveys have shown that "between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone." *Id.*

3. The FCRA "provides the primary recourse for victims of identity theft." Christopher P. Couch, *Forcing the Choice Between Commerce & Consumers: Application of the FCRA to Identity Theft*, 53 Ala. L. Rev. 583, 587 (2002).

4. The FCRA's purpose is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681.

5. To achieve this purpose, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. *Id.* Thus, the FCRA holds the credit reporting agencies and furnishers responsible for taking reasonable steps to correct a consumer's credit report once she brought the theft to the agency's attention. *See Sloane*, 510 F.3d at 506–07 ("Of course, Trans Union bore no responsibility for the initial theft, but the FCRA makes the company responsible for taking reasonable steps to correct Suzanne's credit report once she brought the theft to the company's attention; this Trans Union utterly failed to do.").

6. Because of identity theft, Plaintiff's credit report included a credit card account that did not belong to him. After Plaintiff disputed the inaccurate information to Experian and Trans Union, they failed to conduct reasonable investigations and delete the inaccurate information from Plaintiff's credit reports.

7. Accordingly, Plaintiff alleges claims against Experian and Trans Union for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of § 1681e(b), and for failing to fulfill its reinvestigation duties in violation of § 1681i.

8. Plaintiff also alleges claims against Credit One for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in this District and Division and a consumer as defined by 15 U.S.C. § 1681a(c).

12. Experian is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. Trans Union is a foreign limited liability company authorized to do business in Virginia through its registered offices in Richmond. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14. Credit One is a national bank based in Las Vegas, Nevada that does business in the Commonwealth of Virginia. It is a "furnisher" as governed by the FCRA.

## FACTS

15. In early 2023, Plaintiff sought to refinance his car loan.

16. At that time, he learned that his credit reports were showing a Credit One credit card that did not belong to him.

17. As a result, Plaintiff was not approved to refinance his auto loan at a lower rate.

18. The Credit One account showed a balance over $700 and a derogatory payment status.

19. Plaintiff immediately alerted Credit One to the fraudulent account, which advised him in writing in early April that its investigation had determined that he was not responsible for the account or paying it.

20. Plaintiff then obtained copies of his credit reports to confirm the derogatory account was no longer reporting.

21. But Plaintiff learned that the inaccurate Credit One account was still listed on his credit report with a negative status. He also saw addresses and a telephone number that do not belong to him on his report.

22. Plaintiff disputed the account, the addresses, and telephone number that did not belong to him with Experian, Trans Union, and Equifax Information Services, LLC.

23. Upon information and belief, Experian and Trans Union forwarded Plaintiff's disputes to Credit One, which understood the nature of Plaintiff's dispute.

24. In response to Plaintiff's disputes, Credit One did not conduct a thorough investigation of Plaintiff's dispute. If it had, it would have seen that it had sent Plaintiff a letter stating that he was not responsible for the account and deleted it.

25. Instead, Credit One verified the inaccurate information as belonging to the Plaintiff in its response to Experian and Trans Union.

26. And when Experian and Trans Union received Credit One's response to Plaintiff's investigation, they conducted no additional investigation of Plaintiff's dispute. Instead, they accepted Credit One's response and left the inaccurate information in Plaintiff's credit file.

27. Despite Plaintiff's disputes, only Equifax removed the account from Plaintiff's report. Experian and Trans Union continued to report the account and its derogatory status.

28. On or about April 14, 2023, Plaintiff sent follow up disputes to Experian and Trans Union.

29. Those disputes explained that neither the Credit One account nor its derogatory status belonged to Plaintiff and that his address was reporting inaccurately.

30. Upon information and belief, Experian and Trans Union forwarded Plaintiff's disputes to Credit One.

31. Credit One again failed to conduct an adequate investigation of Plaintiff's dispute and verified the inaccurate information despite its prior finding that Plaintiff was not liable for the account.

32. Experian and Trans Union again accepted Credit One's investigation and conducted no independent investigation of their own.

33. On or about April 22, 2023, Trans Union responded to Plaintiff's dispute, indicating that it had verified its reporting, including the account's delinquent status, as accurate.

34. On or about May 9, 2023, Experian responded with the same but also noting that the account was closed.

35. In between, Credit One sent Plaintiff a letter stating that the account belonged to him but that it had been closed. This letter contradicted Credit One's previous representation that Plaintiff was not responsible for the Credit One account that he did not open.

36. Because of Defendants' conduct, Plaintiff has suffered significant actual damages, including decreased credit scores, lack of credit opportunities, and emotional distress.

*Defendants' FCRA Violations Were Willful*

37. As a standard practice, Experian and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the

furnisher despite several court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

38. Upon information and belief and consistent with their standard policies and procedures, Experian and Trans Union automatically generated their "investigation" results once Credit One responded to Plaintiff's disputes, verifying that the account belonged to him, and no Experian or Trans Union employees took any other steps after Credit One responded to Plaintiff's disputes.

39. Instead, Experian and Trans Union blindly accepted Credit One's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit report.

40. Experian and Trans Union continue the practice of parroting the response from their furnishers even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

41. Experian and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

42. Instead, Experian and Trans Union intentionally choose not to comply with the FCRA to lower their costs and increase profits. Accordingly, Experian's and Trans Union's violations of the FCRA were willful.

43. Credit One's processing of consumer disputes was also willful and carried out in reckless disregard for a consumer's rights under the FCRA. For example, Credit One acted in accordance with Credit One's intended procedures. In addition, Credit One prioritizes processing disputes quickly over making sure that the disputes are investigated thoroughly and accurately.

44. In addition, the willfulness of Credit One's FCRA violations can be established by, for example:

   a. Congress enacted the FCRA in 1970, and Credit One has had over 50 years to become compliant;

   b. Credit One is a corporation with access to legal advice through its own general counsel and outside litigation counsel. Yet, there is not contemporaneous evidence that Credit One determined that its conduct was lawful;

   c. Credit One knew, or had reason to know, that its conduct was inconsistent with the FCRA's plain language, regulatory guidance, and the relevant case law;

   d. Credit One voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading of the statute that was merely careless;

   e. Credit One's FCRA violations were repeated and systematic;

   f. Credit One had substantial documentation available to it that apprised it of its duties under the FCRA but still chose not to comply with the statute; and

    g. Credit One had notice of its defective dispute processing procedures through internal audits and litigation, but chose not to meaningfully change its policies and procedures to comply with the FCRA.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)
## (EXPERIAN and TRANS UNION)

45. Plaintiff incorporates the preceding allegations.

46. Experian and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

47. Because of Experian's and Trans Union's conduct, Plaintiff suffered actual damages, including credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

48. Experian's and Trans Union's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (EXPERIAN and TRANS UNION)

49. Plaintiff incorporates the preceding allegations.

50. Experian and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide Credit One with all the relevant information about Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4);

(4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

51. Because of Experian's and Trans Union's violations of §1681i, Plaintiff suffered actual damages, including loss of credit opportunities, damage to reputation, embarrassment, humiliation, and other emotional distress.

52. Experian's and Trans Union's violations of § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n. In the alternative, Experian and Trans Union were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT THREE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)**
**(CREDIT ONE)**

53. Plaintiff incorporates the preceding allegations.

54. On one or more occasion within the past two years, Credit One violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

55. When Plaintiff disputed the account with Experian and Trans Union, Credit One used a dispute system named "e-Oscar," which is an automated system that the consumer-reporting agencies have developed to quickly transmit disputes to furnishers.

56. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systematic and uniform.

57. E-Oscar's dispute processing is systemic and uniform: when the credit reporting agencies receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form.

58. Upon information and belief, the ACDV form is the way that Credit One has elected to receive consumer disputes under 15 U.S.C. § 1681i(a).

9

59. Upon information and belief, Experian and Trans Union forwarded Plaintiff's disputes to Credit One by ACDVs.

60. Credit One understood the nature of Plaintiff's disputes when it received the ACDV form.

61. Upon information and belief, when Credit One received the ACDV form containing Plaintiff's disputes, Credit One followed a standard and systemically unlawful process where it only reviewed its own internal computer screen for the account and repeated back the same information to e-Oscar that was previously reported to the credit reporting agency.

62. Upon information and belief, when Credit One receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether there is information already in its computer system that would demonstrate the disputed information is misleading or inaccurate.

63. Because of Credit One's violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including loss of credit opportunities, damage to reputation, embarrassment, humiliation, and other emotional distress.

64. Credit One's conduct in violating § 1681s-2(b)(1)(A) was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Credit One was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Credit One in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT FOUR:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)**
**(CREDIT ONE)**

66. Plaintiff incorporates the preceding allegations.

67. On one or more occasions within the past two years, Credit One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit bureaus.

68. As Plaintiff detailed in the previous Count, Credit One has elected to use the e-Oscar system for its FCRA disputes from the consumer reporting agencies.

69. When it received the ACDV forms from the credit-reporting agencies, Credit One did not review any of the information that Plaintiff included in his dispute, which demonstrated that Credit One's reporting of the account was inaccurate.

70. If Credit One had reviewed this information, it would have known that its previous reporting was incorrect and needed to be updated.

71. Credit One also ignored the other information that the consumer-reporting agencies provided for Plaintiff's disputes, including the two-digit dispute code that the agencies listed on the ACDV form.

72. Credit One knew the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

73. Credit One does not contend that the ACDV system is an inadequate means to receive FCRA disputes from the consumer reporting agencies.

74. Credit One understood Plaintiff's disputes and that Plaintiff claimed that the information was inaccurate.

75. Despite this, Credit One did not update its incorrect reporting regarding the account and continued to inaccurately attribute it to Plaintiff.

76. Because of Credit One's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including loss of credit opportunities, damage to reputation, embarrassment, humiliation, and other emotional distress.

77. Credit One's violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Credit One was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

78. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Credit One in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; his attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,
**ARNOLDO ESTRADA MONTESFLORES**

By: ___/s/ Kristi C. Kelly_____
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
Email: pat@kellyguzzo.com

*Counsel for Plaintiff*